ORIGINAL

# In the United States Court of Federal Claims

No. 17-38

(Filed: March 6, 2017)

FILED
MAR - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

```
*************************************  *
                                       *
                                       *
GABRIEL AND MAURILIA MARTINEZ,         *
                                       *
                                       *
         Plaintiffs,                   *
                                       *
v.                                     *
                                       *
                                       *
THE UNITED STATES,                     *
                                       *
         Defendant.                    *
                                       *
*************************************  *
```

## DISMISSAL ORDER

On January 9, 2017, *pro se* Plaintiffs Gabriel and Maurilia Martinez submitted a collection of documents to the Court including a copy of Mr. Martinez's 2012 tax return, correspondence with the Internal Revenue Service, and documentation supporting a medical diagnosis. Dkt. No. 1. After reviewing these documents, the Court issued an Order on January 12, 2017 requiring the Plaintiffs to file a proper complaint "explaining how these documents support a legal claim against the United States of America" by February 2, 2017. Dkt. No. 4. On February 8, 2017, after receiving no correspondence from the Plaintiffs, the Court issued an Order to Show Cause stating that failure to file a proper complaint by February 22, 2017 would "result in the dismissal of this case." Dkt. No. 6. To date, the Plaintiffs have not complied with either Order.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, . . . it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin

7014 1200 0000 9093 6712

Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)).  Here, Mr. and Mrs. Martinez failed to comply with two Orders requiring the filing of a complaint consistent with the Rules of this Court.  Dismissal is therefore not only appropriate, but required to maintain efficient usage of the Court's resources.

Accordingly, for the foregoing reasons, the Court DISMISSES Plaintiffs' complaint for failure to prosecute.  The Clerk is directed to dismiss Plaintiffs' complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge